IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-30223
Summary Calendar
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TRAVIS WAYNE TUBBLEVILLE,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 89-CR-269-H-5
--------------------
August 2, 2001

Before JOLLY, DAVIS, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Travis Wayne Tubbleville, now federal prisoner # 21168-034, appeals the district court's denial of his 18 U.S.C. § 3582(c)(2) motion to reduce sentence based on a 1993 retroactive amendment to U.S.S.G. § 2D21.1, Amendment 484. He argues that, under that amendment, the precursor chemicals seized at the time of his arrest should not have been used to calculate the drug quantity in his case and that his sentence should have been based on only the amount of actual drugs seized.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

As the district court determined, Tubbleville's argument is misplaced. At the time of Tubbleville's original sentence, § 2D1.1 provided that the weight of a controlled substance set forth in the drug-quantity table included the entire weight of any mixture or substance containing a detectable amount of the controlled substance. U.S.S.G. § 2D1.1(c) (footnote) (1990 ed.). Amendment 484 modified § 2D1.1 to exclude from the determination of drug quantity any waste water or other chemical byproducts which must be removed from the controlled substance before it can be used. See U.S.S.G. § 2D1.1(c), comment. (n.1); U.S.S.G. App. C, amend. 484. The amendment applies retroactively.

Nevertheless, the amendment does not apply to Tubbleville's case because the drug-quantity determination did not include consideration of any waste water or chemical byproduct. Instead, the total quantity included the weight of the amphetamines actually seized as well as the estimated weight of amphetamines the laboratory involved in the conspiracy was capable of producing, pursuant to § 2D1.4 (comment.) (n.2) (1990 ed.) (now § 2D1.1 (comment.) (n.12)). Accordingly, Tubbleville's claim that he is entitled to a sentencing reduction based on Amendment 484 fails. Tubbleville's new alternative argument that the theoretical drug quantity was incorrect because there was no finding regarding what he could have produced is both facially frivolous and improperly brought in his § 3582(c)(2) motion.

The district court's judgment is AFFIRMED. Tubbleville's motion for the appointment of counsel is DENIED.